# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2023

Lyle W. Cayce
Clerk

————————

No. 22-30339
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TAWASKI TAVON LEWIS,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-232-3

———————————————————————

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Tawaski Tavon Lewis appeals the sentence imposed following his guilty plea conviction for theft of firearms from a federal firearm licensee. He argues that his 120-month within-guidelines sentence is substantively unreasonable. We need not determine whether Lewis properly preserved this issue because his claim fails under the standard of review for preserved

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

claims of error. *See United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). We review for abuse of discretion. *See id.*

A properly calculated sentence within the guidelines range is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). This presumption is rebutted only if the appellant demonstrates that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *Id.* Lewis fails to rebut the presumption of reasonableness given to his within guidelines sentence because he does not show that the district court failed to consider the applicable sentencing guidelines range, the kinds of sentences available pursuant to 18 U.S.C. § 924(i)(1), or certain mitigating characteristics. *See id.*; 18 U.S.C. § 3553(a). Likewise, Lewis does not show that the district court committed a clear error of judgment in balancing the sentencing factors when it gave significant weight to his criminal history in determining his sentence. Instead, his claim invites this court to reweigh the § 3553(a) factors and substitute its own judgment on appeal, which we will not do. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

The judgment of the district court is AFFIRMED.